IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE A. WERTS SR., | § | |
|     Plaintiff, | § | |
| vs. | § | Civil Action No. 3:22-CV-0973-G-BH |
| | § | |
| LOUIS DEJOY, | § | |
|     Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, this case should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) by serving the defendant within 90 days.

## I.  BACKGROUND

On May 2, 2022, the *pro se* plaintiff filed this employment discrimination action against the defendant and paid the filing fee.  (*See* doc. 3.)  On May 4, 2022, the Court issued an order stating:

> Because he paid the filing fee, the plaintiff is responsible for serving each defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure.  If a defendant is not served within 90 days after the filing of the complaint, the action is subject to dismissal against that defendant without prejudice.  *See* Fed. R. Civ. P. 4(m).  In addition, Fed. R. Civ. P. 4(l)(1) requires the plaintiff to file proof of service with the Court unless service is waived.  This proof must consist of "the server's affidavit" if service was not accomplished by the United States Marshal or a deputy marshal.  *Id.*  If the plaintiff does not file a valid return of service or otherwise show that a defendant was properly served, this action may be dismissed against that defendant.

(*See* doc. 6.)  The order also directed the clerk to mail the plaintiff summons forms and a copy of Rule 4 of the Federal Rules of Civil Procedure.  The docket reflects that the documents were served with the order.

After more than 90 days had passed from the date this suit was filed, but the plaintiff had

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

failed to file a valid return of service on the federal defendant or otherwise show that it had been timely and properly served, he was notified that this case was subject to dismissal for failure to file a valid return of service under Rule 4(m). (*See* doc. 12.) He was ordered to file a valid return of service by August 18, 2022, or show good cause in writing why service could not be made on the defendant. (*See id.*) On August 16, 2022, he filed returns of service showing personal service on the alleged Legal Administrator & Authorized Agent for the Postmaster General, and proof of a certified mailing to the Attorney General, without proof of receipt. (*See* docs. 13, 14.)

By order dated August 29, 2022, the plaintiff was notified that his attempted service on a federal defendant was still not valid under Rule 4 because he had not shown proof of service on the Attorney General or the United States Attorney. (*See* doc. 15.) He was again advised that this action was subject to dismissal under Fed. R. Civ. P. 4(m), and again ordered to file a valid return of service no later than September 12, 2022, or show good cause in writing why service could not be made on the federal defendant. (*See id.*) He was again specifically advised that if he failed to comply with the order, dismissal of this case would be recommended without further notice. (*See id.*) He responded to the order with a 98-page filing and a flash drive, but he failed to provide proof of service on the federal defendant in accordance with Rule 4. (*See* docs. 16, 17.)

## II. ANALYSIS

Because he paid the filing fee, the plaintiff was responsible for serving each defendant with a summons and a copy of the complaint as provided by Rule 4(c) of the Federal Rules of Civil Procedure. He was required to make proper service on the defendants within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). He was also required to file proof of service, unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" when service is not

effected by a United States marshal or deputy marshal. *Id.*

When proper service is not made within 90 days of filing a complaint, an action is subject to *sua sponte* dismissal without prejudice. Fed. R. Civ. P. 4(m).  Dismissal is not proper "if the plaintiff shows good cause for the failure" to properly accomplish service, however. *Id.* In the Fifth Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). "[T]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). The plaintiff bears the burden to show good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Even if the plaintiff fails to show good cause, a court has the discretionary power to extend the time for service instead of dismissing the case without prejudice. *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21). Exercise of this discretionary power "may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Here, more than 90 days have passed since the plaintiff filed this action, but he has not accomplished service on the defendant named in his complaint.  He twice was ordered to file a valid

3

return of service or show cause in writing as to why service could not be made on the federal defendant. Despite the order, the plaintiff has not filed valid returns of service or met his burden to show cause for his failure to properly serve the defendant. He did not respond to the last order by showing that he has attempted to validly serve the federal defendant. He has not shown anything that supports the exercise of discretion to provide more time to accomplish service. Accordingly, no extension of time is required, and dismissal of the action is warranted. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308–09 (5th Cir. 2018) (per curiam) (finding that the district court did not abuse its discretion in dismissing an action without prejudice for lack of timely service where the plaintiff did not follow state law for service of summons or file the requisite proof to establish that the defendant acknowledged service of process).

### III.  RECOMMENDATION

This case should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) by serving the defendant within 90 days, and final judgment should be entered unless the plaintiff files valid proof of service for the defendant within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED** on this 14th day of September, 2022.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE